UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dale Layne,<br><br>     Plaintiff,<br>v.<br><br>Brooklyn Craft Productions, LLC,<br><br>     Defendant. | **MEMORANDUM & ORDER**<br>25-CV-00021 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

  Plaintiff commenced this putative class action against Brooklyn Craft Productions, LLC. *See* ECF No. 1 (Compl.). Plaintiff alleges that he is visually impaired and legally blind and that he was unable to purchase products from Defendant's website, which was incompatible with "screen access programs" he needed to use the website. *See id.* ¶¶ 2, 20, 25. He claims that violated, *inter alia*, the American with Disabilities Act. *See id.* ¶ 4. For the reasons provided below, pursuant to Rule 41(b), the Court dismisses this case with prejudice for failure to comply with court orders.

  After Plaintiff filed proof of service, *see* ECF No. 5, the Court ordered the parties to submit a joint letter describing the case and a completed civil case management plan ("CMP") by February 20, 2025. *See* ECF No. 6. Plaintiff's counsel was ordered to "notify Defendant's counsel of this scheduling order, in writing, as soon as reasonably possible." *Id.* The deadline passed and the parties did not file the joint letter or CMP. That was the first missed deadline. On February 21, 2025, the Court *sua sponte* extended the deadline to March 21, 2025, warning that if the parties failed to meet the March 21, 2025, deadline, the Court would enter a discovery schedule without seeking further input from the parties. *See* February 21, 2025 Text Order. Once again, the parties did not file the joint letter or CMP. That was the second missed deadline.

Accordingly, on March 24, 2025, the Court ordered Plaintiff to request a certificate of default from the Clerk of Court on April 7, 2025, if Defendant had not answered the Complaint by that date. The Court warned the parties, "future failure to comply with unambiguous court orders may result in sanctions." *See* March 24, 2025 Text Order. On April 7, 2025, Plaintiff filed a motion to extend the time until May 15, 2025, for Defendant to respond to the Complaint. *See* ECF No. 16. Despite the numerous procedural defects in Plaintiff's motion, *see* Individual Practices § I.C, the Court granted Plaintiff's extension request until May 15, 2025. *See* April 8, 2025 Text Order. For a second time, the Court warned the parties that if they failed to comply with the Court's order, the Court would enter a discovery schedule without seeking further input from the parties and that "failure to comply with unambiguous court orders may result in sanctions." *Id.*

On May 15, 2025, Plaintiff filed a letter purporting to explain why the parties "could not submit a proposed case management plan" and requesting an extension to June 30, 2025. ECF No. 17. According to Plaintiff's letter, the parties "are near a settlement of the matter and currently have a tentative date scheduled for mediation if the parties are unable to reach an agreement." *Id*. The Court construed Plaintiff's letter as a motion for an extension and denied the motion. *See* May 16, 2025 Text Order. The fact that the parties had been pursuing mediation or other settlement negotiations did not by itself constitute good cause to extend the court-ordered deadlines.

Consequently, and without seeking further input from the parties, the Court entered a discovery schedule as its scheduling order required by Rule 16(b). *See* ECF No. 18. The Court explained that it would not extend the deadlines for fact discovery or expert discovery in the accompanying case management plan unless the parties demonstrate that they have been

2

diligently pursuing their discovery obligations and that good cause exists for an extension. The Court ordered the parties to file on the docket a joint letter describing the case, per the mandatory requirements in ECF No. 6, by May 23, 2025. For the third time in two months, the Court warned the parties, "future failures to comply with unambiguous court orders will result in sanctions, ***including terminating sanctions pursuant to Rule 41(b) and monetary sanctions directly on counsel***." *See* May 16, 2025 Text Order (emphasis added). The parties again failed to comply. That was the third missed deadline for the same court-ordered joint letter and CMP.

The Court predominantly views Plaintiff and Plaintiff's counsel culpable for the parties' failure to comply. Plaintiff brought this case and thus it is Plaintiff's responsibility to move his case forward. *See, e.g., More v. Monex, Inc.*, No. 04-cv-3214, 2008 WL 199460, at *4 (E.D.N.Y. Jan. 22, 2008) ("Plaintiff chose to bring this action and it is his responsibility to move his case forward."); *Combined Logic Co. v. Avid Tech., Inc.*, No. 96-cv-4038, 2004 WL 2711051, at *2 (S.D.N.Y. Nov. 23, 2004) ("[T]he duty to diligently prosecute belongs to the plaintiff, not the defendant[.]"). "It is an attorney's responsibility to press his client's case." *Smalls v. Port Auth. of N.Y. & N.J.*, 120 F. App'x 396, 398 (2d Cir. 2005).

Moreover, Plaintiff's counsel has steadily developed a reputation for unabashedly disobeying the authority of the courts. *See, e.g., Solis v. Hair & Co., Bklyn, LLC*, No. 25-cv-00308, 2025 WL 1456503, at *2 (E.D.N.Y. May 21, 2025) ("[Mr. Salim's] conduct indicates a willful disregard of Court orders"); *Zinnamon v. Satya Jewelry II, LLC*, No. 23-cv-781, 2023 WL 3511123, at *3 (S.D.N.Y. Apr. 28, 2023) (sanctioning Stein Saks PLLC and Mr. Rozenberg to get them "to take seriously their obligation to allege standing adequately in every complaint they file" and noting that their "business model that appears to rest on filing a high volume of virtually identical complaints[,]" "wast[es] the Court's time"); *Velazquez v. Home Controls, Inc.*,

No. 22-cv-3921, 2023 WL 4622597, at *3 (S.D.N.Y. July 23, 2023) (dismissing for lack of standing and noting that complaints filed by Stein Saks PLLC on behalf of the plaintiff "all follow a familiar pattern" by alleging "in boilerplate fashion" that "the Plaintiff visited a website, that the website is not ADA compliant, and . . . that the Plaintiff intends to visit the Website in the near future"); *Wahab v. White's Boots, Inc.*, No. 23-cv-9018, 2024 WL 3909083, at *8 (S.D.N.Y. Aug. 16, 2024) (analyzing hundreds of ADA website complaint lawsuits filed by Stein Saks PLLC in the Eastern and Southern districts of New York, noting their "mere boilerplate" pleadings, and dismissing case).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). When dismissing claims for failure to prosecute pursuant to Rule 41(b), the Second Circuit has directed district courts to weigh the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[1] No single factor is dispositive. *See id.*

As the above chronology indicates, over the past four months the parties—principally through Plaintiff's counsel—have repeatedly ignored the Court's unambiguous orders.[2]

---

[1]   Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

[2]   As a knock-on effect of the parties' refusal to file the court-ordered joint letter, there is still no indication—almost five months after Defendant was served—that the parties have complied with their procedural obligations to confer. *See* Fed. R. Civ. P 26(f) ("the parties must

4

Although the Court is cognizant that a dismissal under Rule 41(b) is among "the harshest of sanctions," the balance of factors in this case supports dismissal. *See id.* at 216–17.

The first factor, duration of noncompliance, supports dismissal. Over four months have passed since the Court's initial scheduling order instructing the parties to file the joint letter and CMP. *See* ECF No. 6. Even though the respective delays in this case have been short in absolute terms, that was only because the Court has closely monitored the docket and reminded the parties of ordered deadlines. The Court has little doubt that, had it not provided such reminders, delays would have piled up. By missing deadlines and seeking extensions, Plaintiff's counsel, Mr. Salim, repeatedly fails to move cases before this Court toward trial. *See Solis v. Hair & Co., Bklyn, LLC*, No. 25-cv-00308, 2025 WL 1456503, at *2 (E.D.N.Y. May 21, 2025); *Hernandez v. Miansai, Inc.*, No. 24-cv-08185, Jan. 10, 2025, Text Order (E.D.N.Y. filed Nov. 25, 2024) (failure to file proposed case management plan); *Hernandez v. Bonpoint USA, Inc.*, No. 25-cv-00641, Mar. 31, 2025, Text Order (E.D.N.Y. filed Feb. 5, 2025) (same). More troublingly, counsel's conduct—three times failing to file the same court-ordered documents—indicates a willful disregard of Court orders.

The second factor concerning notice also supports dismissal, as the Court unambiguously warned the parties that this case would be dismissed if they fail to file the joint letter and CMP. Moreover, Plaintiff's counsel could not credibly feign surprise, given the numerous warnings and sanctions courts in this district and the Southern District have imposed on Mr. Salim and his firm, Stein Saks PLLC, for similar behavior. The third factor, prejudice to Defendant, does not cut clearly in either direction.

---

confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)").

The fourth factor of judicial economy strongly supports dismissal. Since the inception of this case, the Court has been chasing Plaintiff to comply with his procedural obligations and thus has an interest in eliminating this case from its docket. Sure, Plaintiff claimed he sought extensions of time so he can try to reach a settlement out of Court, through mediation. *See* ECF Nos. 16, 17. But the time to do that without the force of the Court was before initiating litigation. As the Court has already made clear, it is not this Court's role to keep this case in a holding pattern merely to increase pressure on Defendant to settle. Rather, it is the Court's responsibility to move this case forward. Ultimately, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts." *Rojas v. L-Ray, LLC*, No. 20-cv-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (dismissing claims pursuant to Rule 41(b)). Clearing this case from the Court's calendar will permit the Court to prioritize its criminal docket and the civil matters of those plaintiffs committed to the vigorous prosecution of their claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

Finally, the fifth factor, considering less drastic sanctions, supports dismissal. The Court has already imposed a less drastic sanction: setting discovery deadlines without the parties' input. *See* ECF No. 18. The Court has also considered other less drastic sanctions than dismissal. But since providing multiple warnings that this case would be dismissed if the parties fail to file the joint letter and CMP, "there is no reason to believe that a lesser sanction would be effective." *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-cv-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (dismissing claims pursuant to Rule 41(b) because plaintiff ignored an order warning about potential dismissal and "appear[ed] uninterested in pursuing her claims").

6

Further, because Mr. Salim has made clear that he is interested in obtaining a settlement for his client out of Court rather than complying with procedural obligations and court orders, "the Court is unaware of . . . how a lesser sanction would prompt Plaintiff to comply" with its Order. *Rodriguez v. Cavala Café Corp.*, No. 14-cv-8907, 2016 WL 4467557, at *3 (S.D.N.Y. Aug. 22, 2016) (dismissing under Rule 41(b)).

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's claims with prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is respectfully directed to enter judgment and to close this case. Plaintiff's counsel is directed to serve a copy of this Order on defense counsel and to file an affidavit confirming his compliance with this Order on or before June 2, 2025.

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
       May 28, 2025